```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
UNITED STATES OF AMERICA

            v.
RAYMOND LAMBIS,                      Supporting Declaration

        Defendant.                   15 cr 374 (WHP)
--------------------------------x

STATE OF NEW YORK    )
                      ss:
COUNTY OF NEW YORK   )
```

Raymond Lambis being sworn, Declares the following to be true:

1. I am the defendant in this case.

2. I reside at 701 West 177th Street, apartment 55, New York, New York with my other family members.

3. On August 27, 2015, DEA agents knocked on my bedroom door inside said apartment. I had been sleeping at the time of the knock on the door, and I was not feeling well. I was told by an Agent that unless I consented to a search of my bedroom the agents would obtain a warrant to search the whole family apartment, and that I had otherwise no choice to make. That statement was false, and my consent to search the bedroom was given only because the agents so lied to me. In fact, the agents then had no probable cause to search the apartment, my bedroom or any other area of apartment 55.

4. On August 27, 2015, the agents did not have a search warrant for apartment 55. The agents had not applied for a search warrant for apartment 55. I was not the target of an ongoing investigation. Absent my consent to search on August 27, 2015, the agents could not conduct a lawful search of my bedroom. The agents

only had a hunch that criminal activity was transpiring inside the apartment, and no more. My consent to search was not freely given because it was procured as the result of fraudulent statements by the agents.

    5. The Government must demonstrate by a preponderance of the evidence that consent to searcy was voluntarily given. *United States v. Isiofa*, 370 F.3d 226, 230 (CA2 2004). Voluntariness is determined based on a totality of the circumstances, and whether the consent was the product of free choice "rather than a mere acquiescence in a show of authority." *United States v. Wilson*, 11 F.3d 346, 351 (CA2 1993). Factors include age, education, background, physical and mental condition, and the setting in which consent is obtained. *See, Schneckloth v. Bustamante*, 412 U.S. 218, 226 (1973).

    6. I am 32 years old. Presently, and on August 27, 2015, I am afflicted with, treated, and medicated for Hypertentsion; Gastritis; Neuropathy; and Stage 3 kidney failure. I am in constant pain as a consequence, and suffer from depression and malaise because of my physical ailments. The agents woke me out of sleep, and took advantage of me.

    7. On August 27, 2015, the agents had no information to establish the probable cause basis the search of my apartment, or room. The agents lied to me. I consented to a search of my bedroom for the additional reason that I did not want my family home "trashed" by agents conducting a random search throughout. If not for the false statements of the agents I never would have consented to said search.

Wherefore, Declarant seeks suppression of all items seized from Apartment 55, 701 West 11th Street, New York, NY on August 27, 2015, and such other relief be granted as is just.

Declared to be true,

Raymond Lambis

Sworn to and subscribed before me this 25 Day of February, 2016.

B. Alan Seidler, Attorney



**U.S. Department of Justice**
**Drug Enforcement Administration**

Northeast Laboratory
New York, NY

## Chemical Analysis Report

New York TFG
99 Tenth Avenue
New York, NY 10011

Case Number: CT-15-0054
LIMS Number: 2015-SFL2-04900

### Observations, Results and Conclusions:

| Exhibit | Substance(s) Identified | Net Weight | Substance Purity | Amount Pure Substance |
|---|---|---|---|---|
| 1 | Heroin | 962.3 g ± 0.2 g | ---- | ---- |
| 1 | Caffeine | | ---- | ---- |
| 1 | Lidocaine | | ---- | ---- |
| 1 | Procaine | | ---- | ---- |
| 1 | Quinine | | ---- | ---- |

**Remarks:**
The reported net weight was determined by direct weighing of all unit(s); the net weight uncertainty value represents an expanded uncertainty estimate at the 95% level of confidence.

### Exhibit Details:

Date Accepted by Laboratory: 08/28/2015    Gross Weight: 1035 g

| Exhibit | No. Units | Pkg. (Inner) | Form | Reserve Wt. |
|---|---|---|---|---|
| 1 | 4 | Plastic Bag | Powder | 961.9 g |

**Remarks:**

### Exhibit Analysis:

**Sampling:**
Heroin was confirmed in 4 unit(s) tested of 4 unit(s) received. A composite was formed from 4 unit(s) for further testing. Heroin, caffeine, lidocaine, procaine, and quinine were confirmed in the composite.

| Exhibit | Summary of Test(s) |
|---|---|
| 1 | Gas Chromatography, Gas Chromatography/Mass Spectrometry, Infrared Spectroscopy, Marquis Color Test |

I hereby certify that I tested the above described substance(s) and that this report is a true and full copy of the original report made by me. False statements made therein are punishable as a Class A misdemeanor pursuant to a section 210.45 Penal Law.

Analyzed By: /S/ Cindy L. Vitale, Senior Forensic Chemist    Date: 09/16/2015
Approved By: /S/ Ann Marie O'Neill, Supervisory Chemist    Date: 09/18/2015

DEA Form 113 August 2013    Page 1 of 1