```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
UNITED STATES OF AMERICA

            v.
RAYMOND LAMBIS,                      MEMORANDUM OF LAW

         Defendant.                  15 cr 374 (WHP)
-------------------------------x
```

Lambis resides at 701 West 177th Street, apartment 55, New York, New York with other family members including his father. On August 27, 2015, at 8:00 PM DEA agents knocked on his bedroom door. Lambis was told by an Agent that unless he consented to a search of his bedroom the agents would obtain a warrant to search the whole family apartment, and that Lambis had no other choice to make. Lambis submits the statement was false. Lambis consented to the bedroom search only because the agents gave him these false alternatives. In fact, the agents then had no lawful authority to even knock on the door of apartment 55.

On August 27, 2015, the agents did not have a search warrant for apartment 55. The agents had not applied for a search warrant for apartment 55. Lambis was not the target of an ongoing investigation. The agents only had a hunch that Lambis was involved in criminal activity because his cel phone number came up in a separate investigation of another person. Then a Pen & Ping Order had only indicated Lambis' cel phone was at previous times in the vicinity of West 177th Street. The resultant GPS information was submitted by Lambis to the Court at the conclusion of the evidentiary hearing.

The agents knocked on the Lambis apartment door and asked Lambis' father for permission to search the apartment generally,

and asked Lambis to search his bedroom specifically only because the agents went door to door, and floor to floor inside the private, multi-floored residential building at 701 West 177th Street, with an electronic enhancement simulator to locate the presence of Lambis's cel phone somewhere inside an apartment. Without the use of the electronic enhancing simulator the agents would not have been drawn to apartment 55 - the Lambis apartment. Without the electronic simulator the agents would no have knocked on the door to apartment 55 and asked the occupants for permission to search.

The agents had no warrant authorizing them to use the electronic enhancement simulator device. No exigent circumstances existed so as to justify the agents knocking on the Lambis apartment door and seeking to search the interior. See, United States v. MacDonald, 916 F.2d 766, 769 (2d Cir. 1990)(en banc). The agent's methodology and use of the electronic simulator to go door to door to locate the Lambis cel phone in the private dwelling at 701 West 177th Street is no different than when a canine sniffs at a residence door to detect narcotics. It is a search of a residence. Because of the "heightened expectation of privacy inside his dwelling, a canine sniff at his door to detect narcotics constituted a search." See, United States v. Thomas, 757 F.2d 1359, 1367 (2d Cir. 1985). This holding is not inconsistent with the Supreme Court decision in Illinois v. Caballes, 543 U.S. 405 (2005) which upheld the canine sniff for drugs in the trunk of a car during a traffic stop, but not at the front door of someone's home.

Consistently, without the enhancement simulator bringing the agents to the front door of the Lambis apartment there was no basis for the agents to make inquiry of the residents, and request the occupants submit to a search of their premises. Without the enhancement simulator the agents did not even have a reasonable suspicion to justify knocking on apartment 55. Even a Terry stop requires reasonable suspicion of criminal activity. Terry v. Ohio, 392 U.S. 1, (1968). Law enforcement must have a lawful basis to knock on a residential apartment door at 8:00 PM, and ask to search the interior. Here, the agents did so because they walked the halls with the equivalent of an electronic sniffing device which hit on apartment 55 as the location of a particular cel phone.

Lambis seeks the suppression of all evidence inside apartment 55.

Respectfully submitted,

B. Alan Seidler
Attorney for Lambis
Room 709
580 Broadway
New York, NY 10012
212-334-3131